# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| COUNTY OF UNION ILLINOIS AND THE PEOPLE OF THE STATE OF ILLINOIS, ex rel. TYLER EDMONDS, STATE'S ATTORNEY FOR THE COUNTY OF UNION, ILLINOIS AND BOBBY TOLER, CLERK OF THE COUNTY OF UNION, ILLINOIS ON BEHALF OF THE COUNTY OF UNION, ILLINOIS AND ALL COUNTIES IN ILLINOIS,<br><br>         Plaintiffs,<br><br>         vs.<br><br>MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JPMORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA, N.A.; RBS CITIZENS, N.A.; RBS SECURITIES, INC.; CITIGROUP INC.; CITIMORTGAGE, INC.; CITIBANK, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY; EVERBANK; GMAC MORTGAGE LLC; HSBC BANK, U.S.A. N.A.; KEYBANK NATIONAL ASSOCIATION; NATIONWIDE ADVANTAGE MORTGAGE CORPORATION; SUNTRUST MORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION; WELLS FARGO BANK, N.A.; AND DEFENDANTS DOE CORPORATIONS 1-100, et al.,<br><br>         Defendants. | ON REMOVAL FROM THE FIRST JUDICIAL CIRCUIT COURT, UNION COUNTY, ILLINOIS<br><br>Union County Case No. 12 L 6<br><br>Civil Action No. _____ |

## NOTICE OF REMOVAL

Defendants MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc.; Mortgage Electronic Registration Systems, Inc.; JPMorgan Chase Bank N.A.; RBS Securities Inc.; Citigroup Inc.;

1

CitiMortgage, Inc.; EverBank (f/k/a/ EverHome Mortgage Company d/b/a EverHome Mortgage); U.S. Bank N.A.; and Wells Fargo Bank N.A. (collectively, "Defendants"), hereby remove this action from the Circuit Court for the First Judicial Circuit, Union County, Illinois, to the United States District Court for the Southern District of Illinois. Removal is based on 28 U.S.C. § 1332 and 1441, as amended by the Class Action Fairness Act of 2005 ("CAFA"), and authorized by 28 U.S.C. § 1453.

## I.   BACKGROUND

1.   On April 26, 2012, Plaintiff Union County, Illinois, through State's Attorney Tyler Edmonds and Union County Clerk Bobby Toler, filed a complaint styled "Amended[1] Class Action Complaint" ("Complaint") (attached hereto as <u>Exhibit 1</u>), in the First Judicial Circuit Court of Union County, Illinois (the "State Court Action"). The State Court Action was assigned case number 12 L6.

2.   The allegations in the Complaint center on MERS, a corporate entity created to allow its members to track active residential mortgage loans. (Compl., ¶ 50). When a mortgage loan is originated, a borrower typically signs a mortgage, which grants a security interest in the borrower's property as security for the loan. (*Id.* ¶ 41). When a loan is registered with MERSCORP, MERS is listed as mortgagee on the mortgage executed by the borrower. (*Id.* ¶ 51). Thereafter, MERS serves as mortgagee in county land records on behalf of the lender and subsequent transferees or purchasers of the loan. (*Id.* ¶ 54). When ownership of a mortgage loan is transferred among MERSCORP members, MERS remains the mortgagee of record, and no mortgage assignment is created or recorded. (*Id.*).

---

[1] Defendants have never been served with the original complaint.

2

3. Plaintiff Union County alleges that the use of MERS violates Illinois law because it believes that the law requires that mortgage assignments, "be recorded in the county in which such real estate is situated." (Compl. ¶ 41). Union County argues that because Defendants did not create and then record assignments of MERS mortgages, they allegedly used the MERS name to avoid recording in county recording offices each time a mortgage is assigned and thereby avoided paying the attendant county recording fees. (*Id.* ¶¶ 62, 65).

4. Union County filed the lawsuit on its own behalf, and purportedly on behalf of a putative class comprised of all 102 Illinois Counties. (*Id.* ¶¶ 1, 67, 68). The lawsuit contains claims for declaratory judgment/permanent injunction (*Id.* ¶¶ 74-77); alleged statutory violations (*Id.* ¶¶ 78-82); unjust enrichment (*Id.* ¶¶ 83-87); and civil conspiracy (*Id.* ¶¶ 88- 92). For relief, Union County requests, among other things, certification of the lawsuit as a class action, restitution and disgorgement of "profits, benefits and other compensation Defendants obtained by their wrongful and improper conduct," a permanent injunction "enjoining Defendants from failing to record mortgages and mortgage assignments," damages, and attorneys' fees. (*Id.* at pp. 25-26 (prayer for relief)).

## II. DIVERSITY JURISDICTION UNDER CAFA

5. The State Court Action is removable under the Class Action Fairness Act ("CAFA").

6. CAFA was intended to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), reprinted in 2005 U.S.C.C.A.N. 3, 41; see H. Rep. 108- 144, at 36-37 (2005).

7. Under CAFA, a putative class action[2] may be removed if (a) any member of the putative class is a citizen of a state different from any defendant, and (b) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d)(2)(A). Complete diversity among parties is not required. *Id.*

### A. CAFA's minimum diversity requirements are met.

9. The requisite diversity of citizenship exists under 28 U.S.C. §§ 1332(d)(2) and (d)(7). Plaintiff and the putative class members are citizens of Illinois. By contrast, as explained below, at least one of the Defendants is not a citizen of Illinois. Indeed, all Defendants are citizens of states other than Illinois. Thus, the minimum diversity required by CAFA exists.

10. A county is a citizen of its state for purposes of diversity jurisdiction. *Will County v. Johnson*, No. 09 C 7858, 2010 WL 780384 at *4 (N.D. Ill. March 4, 2010) (finding that Will County was a citizen of Illinois for diversity purposes); *see also Goros v. County of Cook*, 489 F.3d 857, 859 (7th Cir. 2007) ("a county is a citizen of its state for purposes of the diversity jurisdiction") (citing *Moor v. Alameda County*, 411 U.S. 693, 718 (1973)). Thus, Plaintiff Union County and the putative class members are citizens of Illinois.

11. Defendant MERSCORP, Inc. n/k/a MERSCORP Holdings, Inc. ("MERSCORP") is a Delaware corporation with its principal place of business in Virginia, and is therefore not a citizen of Illinois.

---

[2] The State Court Action is a "class action" within the meaning of CAFA because it is a "civil action filed under" 735 ILCS 5/2-801, which is Illinois' analog to Fed. R. Civ. P. 23 and a "rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Defendants deny, however, that this case could be certified as a class action, and expressly reserve their right to oppose any motion for class certification filed in this action.

12. Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation with its principal place of business in Virginia, and is therefore not a citizen of Illinois.

13. Defendant JPMorgan Chase Bank N.A., is a citizen of Ohio because it is a national banking association whose articles of association designate its main office as located in Ohio, and therefore is not a citizen of Illinois. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank "is a citizen of the State in which its main office, as set forth in its articles of association, is located.").

14. Defendant Bank of America Corporation is a Delaware corporation with its principal place of business in Charlotte, North Carolina, and is therefore not a citizen of Illinois.

15. Defendant Bank of America N.A. is a citizen of North Carolina because it is a national banking association whose articles of association designate its main office as located in Charlotte, North Carolina, and is therefore not a citizen of Illinois.

16. Defendant RBS Citizens N.A. is a citizen of Rhode Island because it is a national banking association whose articles of association designate its main office as located in Providence, Rhode Island, and is therefore not a citizen of Illinois.

17. Defendant RBS Securities Inc. is a Delaware corporation with its principal place of business in Stamford, Connecticut, and is therefore not a citizen of Illinois.

18. Defendant Citigroup Inc. is a Delaware corporation with its principal place of business in New York, and is therefore not a citizen of Illinois.

19.     Defendant Citibank N.A. is a citizen of South Dakota because it is a national banking association, whose articles of association designate its head office as located in South Dakota, and is therefore not a citizen of Illinois.

20.     Defendant CitiMortgage, Inc., is a New York corporation with its principal place of business in Missouri, and is therefore not a citizen of Illinois.

21.     Defendant Deutsche Bank National Trust Company is a citizen of California because it is a national bank organized to carry on the business of a limited purpose trust company under the laws of the United States with its principal place of business in Los Angeles, California and its principal site of trust administration in Santa Ana, California, and is therefore not a citizen of Illinois.

22.     Defendant EverBank is a Florida corporation with its principal place of business in Florida, and is therefore not a citizen of Illinois.

23.     Defendant GMAC Mortgage, LLC, was a citizen of Delaware and Michigan because it was a limited liability company whose sole ultimate member, Ally Financial, Inc., is a Delaware corporation with its principal place of business in Michigan, and was therefore not a citizen of Illinois.[3]

24.     Defendant HSBC Bank, U.S.A. N.A. is a citizen of Virginia because it is a national banking association whose articles of association designate its main office as located in McLean, Virginia, and is therefore not a citizen of Illinois.

25.     Defendant KeyBank N.A. is a citizen of Ohio because it is a national banking association whose articles of association designate its main office as located in Cleveland, Ohio, and is therefore not a citizen of Illinois.

---

[3] After the Complaint was filed, GMAC Mortgage, LLC filed for bankruptcy. A notice of that bankruptcy will be filed with this Court.

26. Defendant Nationwide Advantage Mortgage Corporation is an Iowa Corporation with its principal place of business in Des Moines, Iowa, and is therefore not a citizen of Illinois.

27. Defendant SunTrust Mortgage, Inc. is a Virginia Corporation with its principal place of business in Richmond, Virginia, and is therefore not a citizen of Illinois.

28. Defendant U.S. Bank N.A. is a citizen of Ohio because it is a national banking association whose articles of association designate its main office as located in Ohio, and is therefore not a citizen of Illinois.

29. Defendant Wells Fargo Bank N.A. is a citizen of South Dakota because it is a national banking association whose articles of association designate its main office as located in South Dakota, and is therefore not a citizen of Illinois.

30. The citizenship of "Defendant Doe Corporations 1-100" is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1) ("the citizenship of defendants sued under fictitious names shall be disregarded.").

**B. CAFA's amount in controversy requirement is met.**

31. There is more than $5 million in controversy in this action. Under CAFA, the amount in controversy in a putative class action is determined by aggregating the amount at issue of the claims of all members of the putative class. 28 U.S.C. § 1332(d)(6). While Defendants deny that Plaintiff or any putative class member is entitled to any relief, the Complaint's allegation of a putative class and the relief sought place an aggregate amount in controversy of more than $5 million, exclusive of interest and costs.

32. The amount in controversy is established by Plaintiff's allegation that it and putative class members "have been damaged tens-of-millions of dollars as a direct result of

Defendants' illegal activities described herein." (Compl., ¶ 65). *See* 28 U.S.C. § 1446(c)(2) ("the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy"). Thus, although Defendants deny that they are liable to Plaintiff or to the putative class in any amount, the allegations on the face of the Complaint place substantially more than $5 million in controversy in this action.

### C.  CAFA's other requirements are met.

33.  Numerosity. The numerosity requirement of 28 U.S.C. § 1332(d)(2) is satisfied by the allegations set forth in the Complaint. Plaintiff is an Illinois county, and is seeking to certify a putative class on behalf of all 102 Illinois counties (Compl. ¶ 67, 68). Thus, the putative class, as pled, consists of 102 members, thereby exceeding the 100 member threshold as set forth in 28 U.S.C. § 1332(d)(5)(B).

34.  No CAFA exceptions apply. Although Defendants do not bear the burden of showing that CAFA's exceptions to jurisdiction do not apply, *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 679 (7th Cir. 2006), none of those exceptions apply here. Specifically, the "home state" and "local controversy" exceptions do not apply, among other reasons, because there are no Illinois defendants in this case. *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc) (local controversy exception does not apply unless "at least 1 defendant is a defendant … who is a citizen of the State in which the action was originally filed"); 28 U.S.C. 1332(d)(4)(B) (home state exception does not apply unless "the primary defendants[] are citizens of the State in which the action was originally filed.").

35.  This case is therefore removable pursuant to 28 U.S.C. § 1332(d)(2) because (i) the case has been brought as a purported class action on behalf of more than 100 class members; (ii) at least one member of the purported class is a citizen of a State different from a defendant;

8

and (iii) the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

### III. TRADITIONAL DIVERSITY JURISDICTION

36. The Court also has non-CAFA diversity jurisdiction over this action under 28 U.S.C. § 1332 because the lawsuit is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

#### A. Complete diversity of citizenship exists.

37. As explained above in paragraphs 9 through 30, Plaintiff is a citizen of Illinois, and no Defendants are citizens of Illinois. Thus, complete diversity of citizenship exists.

#### B. The $75,000 amount in controversy requirement is met.

38. For two independent reasons, the amount in controversy as to Plaintiff Union County substantially exceeds $75,000.00, exclusive of interests and costs.

39. Initially, it is appropriate to aggregate the damages sought against all Defendants when evaluating the amount in controversy. Where a plaintiff attempts to hold multiple defendants jointly and severally liable, the amount in controversy is the amount of damages claimed in the aggregate against all properly joined defendants. *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable").

40. Here, Plaintiff seeks joint and several liability against all Defendants by alleging that Defendants acted in concert in committing the allegedly unlawful acts that are the subject of this case. (Compl. ¶ 48 (Defendants collectively used the 'MERS' name to avoid recording mortgage assignments, thereby avoiding the payment of attendant county recording fees.); *id.* ¶¶

49-60 (describing the alleged "MERS Scheme" collectively used by defendants to avoid payment of recording fees)). Thus, Plaintiff's allegations regarding Defendants' alleged collective action potentially give rise to joint and several liability against Defendants. *See Paper Sys. Inc. v. Nippon Paper Indus. Co., Ltd.*, 281 F.3d 629, 633 (7th Cir. 2002) (each conspirator is jointly and severally liable for the damages resulting from the conspiracy).

      41.    The amount in controversy is met because the Complaint requests that Defendants be required to record all prior mortgage assignments in, and pay attendant statutory recording fees to, the county recording office in which the real property is located. (Compl. ¶¶ 43, 48). Currently, there are approximately 3,770 mortgages loans registered on the MERS® System with respect to property located in Union County alone.[4] According to the Complaint, MERS was created to "facilitate the securitization process" (Compl. ¶ 49), and the typical mortgage is assigned "at least three times" in securitization. (*Id.* ¶ 48). Thus, accepting Plaintiff's allegations as true, the 3,770 mortgages should have been assigned 11,310 times. Union County charges a minimum of $12 to record the first four pages of an assignment (plus $1 per each additional page). *See* 55 ILCS 5/3-5018. Assuming, conservatively, that the 3,770 mortgages were assigned three times, and that the assignments would have been four pages or less, those 11,310 assignments would have generated recording fee payments of at least $135,720 for Union County. Thus, although Defendants deny that they are liable to Plaintiff in any amount, the allegations of the Complaint seeking to recover allegedly unpaid recording fees place substantially more than $75,000 in controversy in this action.

---

[4] The Complaint alleges that there are approximately 65 million mortgages nationwide designating MERS as the mortgagee. (Compl. ¶ 56). Union County, with a population of 17,808, contains .0058% of the United States Population of 308,745,538 (http://quickfacts.census.gov/qfd/states/17/17181.html; http://quickfacts.census.gov/qfd/states/00000.html). Applying this percentage proportion would mean that there are approximately 3,770 mortgages designating MERS as the mortgagee for property located in Union County.

42. The amount in controversy requirement is also met because Plaintiff seeks a permanent injunction requiring all future mortgage assignments in all Illinois counties to be created and recorded. (Compl. ¶¶ 74-77). In actions seeking declaratory or injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *America's MoneyLine, Inc. v. Coleman,* 360 F.3d 782, 786 (7th Cir. 2004). If an injunction is entered permanently compelling the creation and recordation of all future assignments for MERS mortgages for decades, such an order will have a value of the same or greater magnitude than Plaintiff's request for damages as to prior MERS mortgages. This is because of the additional recording fees that would be paid in the future, and because of the costs associated with Defendants adapting their internal training, protocols, infrastructure, and procedures to accomplish compliance with such an order. Although Defendants deny that Plaintiff is entitled to a permanent injunction, if entered the requested injunction would place at issue well in excess of $75,000.00, exclusive of interests and costs.

### IV. PROCEDURAL REQUIREMENTS

43. <u>Removal is Timely</u>. No Defendant received service prior to April 30, 2012. This Notice of Removal has been filed within thirty (30) days of receipt of the Complaint and is therefore timely in accordance with 28 U.S.C. § 1446(b).

44. <u>Removal to Proper Court.</u> Venue is proper pursuant to 28 U.S.C. § 1441(a), because the Southern District of Illinois embraces the First Judicial Circuit Court of Union County where the State Court Action was originally commenced.

45. <u>Notice.</u> A copy of the Notice of Filing of Notice of Removal will be timely filed with the clerk of the First Judicial Circuit Court, Union County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

46. <u>Pleadings and Process.</u> Attached hereto as <u>Exhibit 2</u> is a copy of all process, pleadings, and orders received by Defendants in the State Court Action (other than the Amended Complaint attached as Exhibit 1). *See* 28 U.S.C. § 1446(a).

47. <u>Consent</u>. All properly-named and served defendants have joined or consented to removal. Here, defendants Bank of America Corporation, Bank of America, N.A., Citibank, N.A., Deutsche Bank National Trust Company, HSBC Bank, U.S.A., N.A., Keybank, N.A., Nationwide Advantage Mortgage Corporation, SunTrust Mortgage, Inc., and RBS Citizens, N.A., have consented to removal although many of those defendant have not been served and thus do need not join in or consent to removal. 28 U.S.C. § 1446(b)(1)(2)(A) (only "defendants who have been properly joined and served must join in or consent to the removal of the action.").[5] Consents are attached as <u>Exhibit 3</u>. Moreover, defendant GMAC Mortgage, LLC recently filed for bankruptcy and the automatic stay precludes it from being required to consent to removal. *Filho v. Pozos International Drilling Services*, 662 F.Supp 94, 96 (S.D. Tex. 1987) ("A defendant in bankruptcy need not be joined in the removal petition."). Finally, this action may be removed under CAFA without the consent of all Defendants.

48. <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11.

49. Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as amended by CAFA, and the claims may be removed to this Court under 28 U.S.C. §§ 1441, 1446 & 1453.

50. In the event Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

---

[5] Those Defendants who have not been served expressly reserve all rights to proper service. *See Silva v. City of Madison*, 69 F.3d 1368, 1376 (7th Cir. 1995) ("Without service, there is no personal jurisdiction over the defendant. This right is not waived by filing a petition for removal to federal court."), certiorari denied 517 U.S. 1121.

For the reasons stated above, this case is hereby removed from the First Judicial Circuit Court of Union County, Illinois to this Court.

Dated:  May 25, 2012                                  Respectfully Submitted,

/s/ P. Russell Perdew
P. Russell Perdew
Sherina E. Maye
Locke Lord LLP
111 South Wacker Drive
Chicago, Illinois  60606
Phone:  312-443-1712
Email:  rperdew@lockelord.com

*Attorneys for U.S. Bank N.A.*

/s/ Louis F. Bonacorsi
Louis F. Bonacorsi
BRYAN CAVE LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, Missouri  63102-2750
Telephone:  (314) 259-2090
Facsimile:   (314) 552-8090
Email:         lfbonacorsi@bryancave.com

*Attorney for Defendants CitiMortgage, Inc., and Citigroup Inc.*

/s/ Douglas W. King
Douglas W. King
Darci F. Madden
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri  63102
Phone:        (314) 259-2000
Fax:            (314) 259-2020

*Attorneys for JPMorgan Chase Bank N.A.*

/s/ Rhiana A. Luaders
Rhiana A. Luaders
BRYAN CAVE LLP
211 North Broadway, Suite 3600
St. Louis, Missouri  63102
Phone:        (314) 259-2000
Fax:            (314) 259-2020
*Attorney for RBS Securities, Inc.; Everbank; Wells Fargo Bank N.A.*

/s/ Kenneth M. Kliebard
Kenneth M. Kliebard
Morgan, Lewis & Bockius LLP
77 West Wacker Drive
Chicago, IL  60601-5094
Telephone: (312) 324-1774
Facsimile:  (312) 324-1001
kkliebard@morganlewis.com

Robert M. Brochin (*pro hac vice* admission to be applied for)
Morgan, Lewis & Bockius LLP
200 South Biscayne Boulevard, Suite 5300
Miami, FL 33131-2339
Telephone:     (305) 415-3456
Facsimile:      (305) 415-3001
rbrochin@morganlewis.com

*Attorneys for MERSCORP, Inc., n/k/a MERSCORP Holdings, Inc., and Mortgage Electronic Registration Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal and attachments have been served upon the following this 25th day of May, 2012, via U.S. Mail:

Tyler Edmonds
Union County, Illinois State's Attorney
309 W Market
Jonesboro, IL 62952

Steven Stone
Howerton, Dorris & Stone
300 W. Main Street
Marion, IL 62959

Elizabeth A. Fegan
Tom Ahlering
Hagens Berman Sobol Shapiro, LLP
1144 W. Lake Street
Suite 400
Oak Park, IL

Terrence F. Durkin
Law Office of Terrence F. Durkin
1630 Colonial Parkway
Second Floor
Inverness, IL 60067

Steve Berman
Sean R. Matt
Hagens Berman Sobol Shapiro, LLP
1301 Fifth Avenue, Suite 2900
Seattle, WA 98101

Jeffrey S. Goldenberg
Goldenberg Schneider LPA
One West Fourth Street, 18th Floor
Cincinnati, Ohio 45202

/s/ P. Russell Perdew_____
P. Russell Perdew
Attorney for Defendant U.S. Bank