## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNION COUNTY, ILLINOIS; PEOPLE OF THE STATE OF ILLINOIS ex rel; TYLER EDMONDS State's Attorney for the County of Union; and BOBBY TOLER Clerk of the County of Union and on behalf of the County of Union, Illinois and all Counties in Illinois,** | ) ) ) ) ) ) ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 12-665-GPM** |
| | ) | |
| **MERSCORP, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; JP MORGAN CHASE BANK, N.A.; BANK OF AMERICA CORPORATION; BANK OF AMERICA N.A.; RBS CITIZENS, N.A.; RBS SECURITIES, INC.; CITIGROUP, INC.; CITIMORTGAGE, INC.; CITIBANK, N.A.; DEUTSCHE BANK NATIONAL TRUST COMPANY; EVERBANK; GMAC MORTGAGE, LLC; HSBC BANK USA, N.A.; KEYBANK NATIONAL ASSOCIATION; NATIONWIDE ADVANTAGE MORTGAGE CORPORATION; SUNTRUST MORTGAGE, INC.; U.S. BANK NATIONAL ASSOCIATION; WELLS FARGO BANK, N.A.; and DEFENDANTS DOE CORPORATIONS 1 - 100,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Defendants US Bank N.A., CitiMortgage, Inc., Citigroup, Inc., JP Morgan Chase Bank N.A., RBS Securities, Inc., Everbank, Wells Fargo Bank N.A., MERSCORP, Inc., and Mortgage Electronic Registration Systems, Inc., removed this action from the First Judicial Circuit Court, Union County, Illinois on May 25, 2012, citing this Court's jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) (Doc. 3).  In their amended class action complaint, Plaintiffs define the basis of their action as "Defendants' failure to record all mortgage assignments with the Union County Clerk and all County recording offices across the state of Illinois, and pay the attendant recording fees, as required by Illinois law." (Doc. 3-1, ¶ 1).  In part because the Court finds that the recording statute does not impose a mandatory duty to record the assignments at issue here, Defendants' motion to dismiss the complaint is **GRANTED**.  The Court also **GRANTS** Defendant KeyBank National Association's motion to join in the motion to dismiss (Doc. 104).  Defendant GMAC Mortgage, LLC filed a Notice of Bankruptcy and Effect of Automatic Stay on May 25, 2012, the day this action was removed (Doc. 3).  Accordingly, this action is **DISMISSED** with prejudice as to all Defendants except Defendant GMAC Mortgage, LLC.  As to Plaintiff's only remaining claims, against Defendant GMAC Mortgage, LLC, the case is **STAYED.**  Plaintiffs and Defendant GMAC Mortgage, LLC are **ORDERED** to file a status report on or before **July 29, 2013, and biannually thereafter**.

Plaintiffs' Complaint

Plaintiffs' removed "Amended Class Action Complaint" claims that Defendants, a "national registry that tracks ownership and servicing rights in residential mortgage loans" and its shareholders, failed to comply with Illinois's recording statute, 765 ILCS 5/28 (Doc. 3-1).

Defendant MERS, a subsidiary of Defendant MERSCORP, is essentially alleged to be a front for the other Defendants' inter-mortgage assignments. Defendants describe the MERS-mortgaging structure as follows:

> [MERS is] a corporate entity created to allow its members to track active residential mortgage loans. When a mortgage loan is originated, a borrower typically signs a mortgage, which grants a security interest in the borrower's property as security for the loan. When a loan is registered with MERSCORP, MERS is listed as mortgagee on the mortgage executed by the borrower. Thereafter, MERS serves as mortgagee in county land records on behalf of the lender and subsequent transferees or purchasers of the loan. When ownership of a mortgage loan is transferred among MERSCORP members, MERS remains the mortgagee of record, and no mortgage assignment is created or recorded.

(Doc. 3, ¶ 2). According to Plaintiffs, MERS "masquerades" as the title holder, while shareholders/members actually prepare "MERS"'s initial mortgage assignments for record. If further mortgage assignments take place between MERS members/shareholders, however, those assignments are not recorded, as MERS acts "on behalf of both the assignor and assignee" (Doc.3-1, ¶ 54). It is this failure to record that forms the crux of Plaintiffs' complaint. By creating an "alternative" recording system, Plaintiffs argue, Defendants have purposefully circumvented Illinois laws that mandate public county recording (and paying fees for that recording) (Doc. 70, p. 3). Plaintiffs seek relief on four claims: (1) declaratory judgment (declaring that Defendants are required by Illinois law to record and pay the recording fees for every mortgage and mortgage assignment on real property in Illinois) and permanent injunction (enjoining Defendants to so-record and pay); (2) restitution and civil penalties for violation of 815 ILCS 505/2, Illinois's consumer fraud act; (3) restitution for Defendants' unjust enrichment (unjustly retaining the money they were required to pay in recording fees); and (4) damages resulting from Defendants' civil conspiracy to violate the Illinois recording statute (Doc. 3-1).

Standard of Review on Motion to Dismiss

Under Federal notice pleading, a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It only need include "factual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In other words, a "complaint must contain sufficient factual matter...to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Writing for the dissent in the Seventh Circuit's recent *Vance v. Rumsfeld en banc* opinion, Judge Rovner succinctly stated:

> To survive a motion to dismiss, a complaint need not do more than enunciate a plausible claim for relief.  The plausibility standard is not akin to a 'probability requirement.'  It does not imply that the district court should decide whether the claim is true, which version of the facts to believe, or whether the allegations are persuasive.  Provided the complaint invokes a recognized legal theory…, and contains plausible allegations on the material issues, it cannot be dismissed under Rule 12.

701 F.3d 193, 226 (7th Cir. 2012) (internal citations and quotations omitted).  The plaintiff, however, must allege "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal* at 678.  And "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.*   It is "not enough to give a threadbare recitation of the elements of a claim without factual support."  *Bissessur v. Indiana Univ. Bd. of Trs.,* 581 F.3d 599, 603 (7th Cir. 2009).

Defendants' Joint Motion to Dismiss Plaintiffs' Amended Class Action Complaint
and Plaintiffs' Response

Defendants argue for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the bases that: there is no private right of action available to Plaintiffs here; Plaintiffs have no standing; no duty to record exists under Illinois law; and Plaintiffs failed to adequately plead claims under the

Illinois Consumer Fraud and Deceptive Business Practices Act, for unjust enrichment, for civil conspiracy, or for declaratory/injunctive relief (Doc. 63-2).

Defendants point to the language of Illinois's recording statute, 765 ILCS 5/28, and to the fees statute, 55 ILCS 5/3-5018, to argue that Plaintiffs have no private right of action.  The recording statute reads:

> Deeds, mortgages, powers of attorney, and other instruments relating to or affecting the title to real estate in this state, shall be recorded in the county in which such real estate is situated; but if such county is not organized, then in the county to which such unorganized county is attached for judicial purposes.  No deed, mortgage, assignment of mortgage, or other instrument relating to or affecting the title to real estate in this State may include a provision prohibiting the recording of that instrument, and any such provision in an instrument signed after the effective date of this amendatory Act shall be void and of no force and effect.

765 ILCS 5/28.  The statute contains no provision for enforcement, argue Defendants, and neither does the fees statute (Doc. 63-2, p. 7).  Defendants also argue that Plaintiffs' common law claims are attempts to sidestep the absence of private rights of action in the applicable statutes.  In response, Plaintiffs contend that the broad powers of the State's Attorney to protect the public interest authorize the suit.  Plaintiffs also argue that the county recorder has an implicit right of action, as the recorder's function depends on compliance with the recording statute.

Defendants' basic standing argument is that Plaintiffs lack an injury in fact–the County is entitled to fees for recording services performed, but here they did not perform recording services, so they're not due unpaid fees, and there is no compensable injury.  In Plaintiffs' view, because the recording statute mandates recording, they have suffered real harm–lost recording fees and inaccurate land records.  Defendants respond that any injury resulting from silent land records (and Defendants note that Plaintiffs have not alleged any specific injury–which the Court understands to mean a specific instance where lack of mortgage assignment recording caused harm) would inure

to specific creditors and purchasers of property, not Plaintiffs here.

Underlying the bulk of Defendants' argument for dismissal (and their most consequential argument) is that there is no duty to record mortgages or assignments in Illinois.  According to Defendants, the Illinois Supreme Court spoke to the issue in 1886 and 1894 cases:  *Field v. Ridgely,* 6 N.E. 156, 159 (Ill. 1886) ("We are aware of no principle, outside of self-interest and prudence in business, that requires the holder of a mortgage to put it on record at any particular time."); and *Haas v. Sternbach,* 41 N.E. 51, 56-57 (Ill. 1894) ("No one will contend that the recording of a mortgage is, in this State, necessary to its validity.  Recording such instruments serves but one purpose, and that is to make them valid as against creditors and subsequent purchasers without notice.").  Plaintiffs counter that these cases discussed only the validity of a mortgage document as between the parties to a land transaction, not as to potential subsequent purchasers.

Defendants also argue that, looking at the language of 765 ILCS 5/28 in its entirety, the statute plainly refers to *where* recordings are to take place; not that they *must* take place.  Plaintiffs on the other hand point to the word "shall" in the statute to argue that mortgage and assignment recording in Illinois is mandatory.  765 ILCS 5/28 ("[M]ortgages…and other instruments relating to or affecting the title to real estate in this state, *shall* be recorded in the county in which such real estate is situated….") (emphasis added).

In addition to their argument that Plaintiffs fail to state a claim because Illinois imposes no duty to record, Defendants also argue that Plaintiffs failed to state a cognizable claim for unfair/deceptive practices in violation of 815 ILCS 505/2; unjust enrichment; civil conspiracy; and for declaratory and injunctive relief.  Defendants' qualm with Plaintiffs' claims for declaratory and injunctive relief is that those remedies cannot stand on the bases of other counts that fail under Rule

12(b)(6).   Regarding the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), Defendants point out that the Conveyance Act (of which 765 ILCS 5/28 is a part) was not identified in ICFA as one of the enumerated statutes, the violation of which would constitute a predicate act for an ICFA claim.   Neither, Defendants argue, did Plaintiffs properly allege the elements of an ICFA claim.   Plaintiffs respond that the ICFA claim was properly pleaded and that Illinois courts give the State's Attorney broad leeway to bring suit to protect the public interest.   As to Plaintiffs' unjust enrichment claims, because Defendants hold they had no duty to record or pay recording fees, they claim they did not act unjustly; nor was there any benefit conferred to Defendants where they did not pay for a service (recording) they did not utilize.   In Plaintiffs' view, avoiding the fees was a benefit to Defendants, to Plaintiffs' detriment.

Defendants ask the Court to dismiss the civil conspiracy claim, as Plaintiffs "merely parrot[] the elements of civil conspiracy, which is insufficient to state a claim." (Doc. 63-2, p. 26).   Plaintiffs argue that their complaint did provide factual detail for each element of conspiracy.   As discussed below, the Court finds that the failure to record was not an unlawful act, so Plaintiffs' civil conspiracy count fails to state a claim.   However, the Court notes that Defendants' insufficient-pleading argument here would otherwise likely be unavailing.   Defendants cite to detail that some Illinois courts have required to plead civil conspiracy.   However it is the Federal Rules of Civil Procedure that "apply to a civil action after it is removed from a state court." FED.R.CIV.P 81(c)(1); *see also Hanna v. Plumer*, 380 U.S. 460, 465 (1965) ("[F]ederal Courts are to apply state substantive law and federal procedural law.")   Under Federal notice pleading, a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It only need include "factual allegations [that are] enough to raise a right to relief above

the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Analysis

The Court notes that both parties spent some effort apprising the Court of analogous caselaw. Defendants and Plaintiffs both cited (and filed supplemental briefs citing) non-Illinois cases interpreting state recording statutes vis a vis a duty to record mortgage assignments (including *Christian County v. Mortg. Elec. Registration Sys., Inc.*, 2012 WL 566807 (W.D. Ky. Feb. 21, 2012); *Fuller v. Mortg. Elec. Registration Sys., Inc.*, No. 11-1153 (M.D. Fla. June 27, 2012) (Ex. 1); *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 U.S. Dist. LEXIS 40356, at *9-10 (D. Nev. Mar. 30, 2011); *Bates v. Mortg. Elec. Registration Sys., Inc.*, 2011 WL 892646 (E.D. Cal. Mar. 11, 2011), *appeal docketed*, No. 11-15894; *Bates* v. *Mortg. Elec. Registration Sys., Inc.*, No. 2010 CA 002993 (D.C. Super. May 7, 2012); *Bates* v. *Am. Lending Alliance*, No. 10-1-0160-01 (Haw. Mar. 12, 2012); *Bates v. Mortg. Elec. Registration Sys., Inc.*, No. 49D12-0911-CT-051734 (Ind. June 22, 2012); *Bates v. Mortg. Elec. Registration Sys., Inc.*, No. MCRE-1010 (Tenn. Apr. 4, 2012); *Jackson Cnty., Missouri v. MERSCORP, Inc.*, No. 12-0665-CV-ODS (W.D. Mo. Jan. 14, 2013); *Plymouth Cnty., Iowa v. MERSCORP, Inc.*, 2012 WL 3597430 (N.D. Iowa Aug. 21, 2012); *Montgomery Cnty., v. MERSCORP, Inc.*, 2012 U.S. Dist. LEXIS 151598 (E.D. Pa. Oct. 19, 2012); and *Brown v. Mortgage Electronic Reg. Sys., Inc.*, No. 6:11-CV-06070 (W.D. Ark. Sept. 17, 2012)).  The Court has reviewed these cases, but does not borrow any of their rationale–as it is the directive of *Illinois*'s recording statute that is dispositive here.  (Defendants did cite Illinois and Northern District of Illinois cases acknowledging MERS's legitimacy as a mortgagee–but that is not directly at issue in this action, *see* Doc. 63-2, p. 4, n. 4).

The Court finds that the question of whether or not Illinois law *requires* Defendants to record

all mortgages and substantive assignments is dispositive. If there is no duty to record, then the complaint states no claim for relief for violation of ICFA, unjust enrichment, civil conspiracy, or any declaratory or injunctive relief. The primary question of standing also turns on the statute–if Defendants were required to pay recording fees, then Plaintiffs have an argument for injury in fact. As the parties agreed at the hearing on the motion to dismiss, this is purely a question of law and requires the Court to interpret section 765 ILCS 5/28 of Illinois's Conveyance Act. Statutory interpretation "depends upon reading the whole statutory text, considering the purpose and context of the statute, and consulting any precedents or authorities that inform the analysis." *United States v. Hagler,* 700 F.3d 1091, 1097 (7th Cir. 2012), *quoting Dolan v. U.S. Postal Service,* 546 U.S. 481, 486 (2006). As the Seventh Circuit has distilled:

> In Illinois, the primary objective in statutory interpretation is to give effect to the intent of the legislature. Because the most reliable indicator of the legislature's intent is the language of the statute, the Illinois Supreme Court looks there first, applying the plain, ordinary, and popularly understood meanings of the statute's terms. The Court looks to the dictionary when necessary to discern the ordinary and popular meanings of words. In addition to the language of the statute, the Court also considers the purpose behind the law and the evils sought to be remedied, as well as the consequences that would result from construing the law one way or the other. It assumes that the legislature did not intend absurdity, inconvenience or injustice and looks to legislative history if the need arises.

*Rexam Beverage Can Co. v. Bolger,* 620 F.3d 718, 732 (7th Cir. 2010) (internal citations and quotations omitted); *see also Illinois Dept. of Financial and Professional Regulation v. Rodriquez,* No. 113706, 2012 WL 6115103 at *3 (Ill. Nov. 29, 2012). In consideration of an Illinois statute, the Court's "duty is to interpret the Act as best we predict the Illinois Supreme Court would. In the absence of guiding decisions by the state's highest court, we consult and follow the decisions of intermediate appellate courts unless there is a convincing reason to predict the state's highest court

would disagree." *ADT Security Services Inc., v. Lisle-Woodridge Fire Protection District,* 672 F.3d 492, 498 (7th Cir. 2012) (internal citations omitted).

Neither party has shown that the Conveyance Act as it existed before *Field,* 6 N.E. 156 (Ill. 1886), or *Haas,* 41 N.E. 51 (Ill. 1894), differs in any significance from the current version, so the Court will consider both the contemporary statutory language and the historical opinions of the Illinois Supreme Court. *See Commonwealth Plaza Condominium Ass'n v. City of Chicago,* 693 F.3d 743, 749 (7th Cir. 2012).

In *Field,* appellants argued that appellees, both creditors of a Springfield Illinois merchant company, fraudulently induced appellants to sell goods to that merchant, even though appellees knew that the merchant was insolvent. 6 N.E. 156 at 158-59. Appellants were unaware that the merchant company had executed mortgages on real estate to appellees as security against the merchant's indebtedness. *Id.* Those mortgages were not recorded. *Id.* The Illinois Supreme Court found that appellants could not prove a constructive trust had been created between themselves and the appellees. *Id.* at 159. The Court found the only bases for that argument were insufficient: (1) appellees were in receipt of a judgment against the merchant without alerting appellants of the same; and (2)–pertinent here–appellees had not recorded the mortgages that the merchant had assigned to them. Describing why the failure to record was insufficient to form a basis for a breached constructive trust, the Court said:

> We are aware of no principle, outside of self-interest and prudence in business, that requires the holder of a mortgage to put it on record at any particular time. By not doing so promptly he runs the risk of having it postponed to prior liens, and even of losing the benefit of it altogether. As to subsequent purchasers and creditors without notice, such securities take effect from the time of filing for record only.

*Id.*

Eight years later, the Illinois Supreme Court considered whether withholding a mortgage from record could form the basis for fraud. *Haas v. Sternbach,* 41 N.E. 51, 55 (Ill. 1894). Henry Leopold mortgaged property to Charles Sternbach (et al) with an agreement between those two that the mortgage not be recorded until November 5, 1890. *Id.* at 49. Before that date, Leopold mortgaged and recorded the same (or parcels of the same) real property to other parties. *Id.* The trial court found that the Sternbach mortgage was fraudulent as a matter of law, but the Supreme Court agreed with the appellate court that the unrecorded transaction was not per se fraudulent. *Id.* at 53-54. The Court distinguished between an agreement to keep a mortgage secret (which might evidence actual fraud) and an agreement not to record (which the Court–reiterating the decision in *Field*–clarified was *not* a basis to find a mortgage fraudulent at law). *Id.* at 56. Recording was an issue of notice and perfecting rights–the absence of recording was not in and of itself a bad act. *Id.* at 57 ("No one will contend that the recording of a mortgage is, in this state, necessary to its validity. Recording such instruments serves but one purpose, and that is to make them valid as against creditors and subsequent purchasers without notice…. No time is fixed within which the filing for record must take place in order to give such an instrument validity. It cannot, therefore, be said that the mere omission to record is fraudulent per se as to subsequent creditors of or purchasers from the mortgagor."). The Court also stated that "in light of our statute," as opposed to other state's statutes, the question of whether not-recording was per se fraudulent was "free from doubt." *Id.* at 58.

The Illinois Supreme Court, per *Field* and *Haas* and considering Illinois's statutes, found that there is no fraud in law for failure to record, and there may be actual fraud only if the mortgagor had some duty to record (for example, the Court discussed in *Haas* that the mortgagor was the mortgagee's attorney). *Id.* at 59. The Illinois Supreme Court mentioned no such duty created by

any Illinois statute, and here, Plaintiffs have provided no alternate source of a duty to record.  During

the hearing on Defendants' motion to dismiss, Plaintiffs attempted to distinguish *Field* and *Haas* by

stating that those cases discuss only the validity of a mortgage document between two individual

parties–they do not speak to a statutory mandate to record and pay recording fees.  Plaintiffs' papers

make the same point: "these opinions [*Field* and *Haas*] only contemplate the legal consequences

amongst the parties of a failure to record and not the actual requirement itself" (Doc. 70, p. 10).  But

that *is* the circumstance in this case: MERS coordinates assignments which the parties have agreed

not to record.

The Illinois Supreme Court has then, made general statements regarding the need to record

in the context of whether unrecorded mortgages are valid and/or fraudulent.  This Court finds it

nonsensical that if Illinois law *mandated* recording, the Illinois Supreme Court would not so-note

in the factual contexts of *Field* or *Haas*.  Given these cases, the Court finds that the Illinois Supreme

Court does not consider recording mortgages/assignments statutorily mandatory.  *C.f. East St. Louis*

*Lumber Co. v. Schnipper,* 141 N.E. 542, 544-45 (Ill. 1923) (The Illinois Supreme Court stated that

there are "conditions prescribed by statute under which a judgment creditor may have priority over

the actual owner of land if he is without notice, either by record or otherwise."  Section 30 of the

Conveyances Act explains how conveyances transferred *with* notice take effect. Section 30 extends

"only to instruments required to be recorded."  That is, the provisions of section 30 do not extend

to instruments that are *not* required to be recorded *in order to take priority*.)

More recent Illinois appellate court cases referencing 765 ILCS 5/28 also support the finding

that not-recording is not-violative of Illinois law.  The only non-absurd, non-inconvenient way to

read the language of the law itself and the language of Illinois appellate courts is to read that the law

"requires" a recording only insofar as a mortgagee's interest in property might otherwise be in jeopardy. *See In re Quade,* 482 B.R. 217, 234 (Bankr. N.D.Ill. 2012) ("In Illinois, to claim an interest in real property that is enforceable as to third parties, a creditor must record that interest in accordance with applicable law."), *citing* 765 ILCS 5/28-31.

  For example, the Fourth District appellate court mentioned the recording statute when it considered the priority of proceeds from a real estate foreclosure sale in *Farmers State Bank v. Neese,* 665 N.E.2d 534 (Ill.App.Ct. 1996). The court found that because assignments are voluntary contracts, they need *not* be recorded to be enforceable as-between the parties, but "to be protected against third parties" the assignment needed to be recorded. *Id.* at 106-107. So, the requirement is not a duty, the dereliction of which exposes the mortgagee or mortgagor to civil penalties. The 'penalty' is the potential inability to enforce assignments against other purchasers. In *Federal National Mortgage Association v. Kuipers,* Illinois's Second District appellate court stated that the purpose of 765 ILCS 5/28 is "to give third parties the opportunity to ascertain the status of title to the property." 732 N.E. 2d 723, 726 (Ill.App.Ct. 2000). "An unrecorded interest in land is not effective as to a *bona fide* purchaser without notice. However, where a party has constructive notice of a prior interest in real estate, the failure to record is not necessarily fatal to the rights of the prior interest holder." *Id.* Given language like this, it does not make sense to interpret section 28 to read that 'failure to record is actionable.' The parties "shall" record if they wish to clarify priority. *See also Aames Capital Corp. v. Interstate Bank of Oak Forest,* 734 N.E.2d 493, 496-97 (Ill.App.Ct. 2000) ("[W]e recently held…that an assignee of a mortgagee was not required to record the assignment of mortgage in order to maintain the original mortgagee's priority position."). In 2009, Illinois's Second District, on consideration of whether a purchaser of real property was subject to

a never-recorded zoning restriction, stated that under the county zoning ordinance (not the state recording statute), recording was required, but the only effect of the failure to record was that restrictions on the property without notice to the subsequent purchaser were void. *King v. DeKalb County Planning Dept.,* 917 N.E.2d 36, 42 (Ill.App.Ct. 2009). Similarly, Illinois's Fourth District appellate court mentioned recording as one way notice for the purposes of equitable conversion may be effected: "One *can* give constructive notice of an interest in land by recording the corresponding instrument in the county in which such real estate is situated." *United Community Bank v. Prairie State Bank & Trust*, 972 N.E.2d 324, 331 (Ill.App.Ct. 2012) (emphasis added), *quoting* 765 ILCS 5/28.

Section 28 does say that "mortgages…and other instruments relating to or affecting the title to real estate in this state, *shall* be recorded in the county in which such real estate is situated" 765 ILCS 5/28 (emphasis added). However, looking at the language of this section in toto, and considering Illinois caselaw, it is clear to the Court that section 28 relates to 'how such instruments shall be recorded,' *see* section 30. The statute does not create a general, public cause of action arising when an instrument is not recorded. Therefore, in context and upon consulting Illinois Supreme Court and appellate court decisions, the Court finds that, by the plain meaning of 765 ILCS 5/28, there is no mandatory duty to record here and Plaintiffs' complaint fails to state any claim upon which relief may be granted. The action is **DISMISSED** as to all Defendants except GMAC Mortgage, LLC, which did not move for dismissal and Judgment pursuant to Federal Rule of Civil Procedure 54(b) shall enter accordingly. As ordered above, the case is **STAYED** as to GMAC Mortgage, LLC and the parties shall file status reports with the Court as indicated. The action is otherwise closed.

**IT IS SO ORDERED.**

DATED: January 30, 2013

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge